November 26, 1917. The opinion of the Court was delivered by
Plaintiff alleges that in January, 1913, she and her invalid sister went to live with defendant, as members of her family, *Page 318 
and that she paid to defendant a sum of money, about $500, under an agreement that she and her sister were to live with defendant and have their board and lodging for life; that she was to perform such domestic duties as her health and strength would permit; that defendant was to expend the fund as needed for wearing apparel, medicines, and such other things (except for board and lodging) as might be necessary for the care and comfort of herself and sister; that defendant was to have the use of the money, or the interest on it, and any balance that might remain on the death of herself and sister; that her sister died in April, 1913, and in October, 1914, the relations between herself and defendant having become strained and unpleasant, on account of defendant's ill treatment of her, she was compelled to leave defendant's home; that she demanded the return of the unexpended money, with which demand defendant refused to comply.
Defendant denied plaintiff's version of the agreement, and set up a counterclaim for board, lodging, and washing, as well as other items of expenditure made for plaintiff and her sister. Defendant also set up as a bar to the action an accord and satisfaction or settlement in writing of the differences between herself and plaintiff, dated December 12, 1914, and signed by herself and by Mr. B.J. White, as attorney for plaintiff.
The testimony was conflicting as to the extent of Mr. White's authority in making the settlement. Plaintiff testified that she employed him to collect the balance due her by defendant, and that she did not authorize him to allow in the settlement any of the items claimed by defendant.
Mr. White testified that he was employed by plaintiff to make a settlement with defendant, and thought he was authorized to make the settlement that he did make. He said, in substance, that plaintiff stated to him the facts as to the differences between herself and defendant, as she narrated them at the trial; that he asked her if she was willing *Page 319 
to bring suit against defendant, and she said she was not; that she did not want to do so under any condition; that he told her, under those conditions, it might be very hard to get any refund of this money; that she had the idea that there might be some future trouble with Mrs. Miller, and wanted to have a settlement and get a clear receipt. On cross-examination plaintiff's attorney asked him: "Did Miss Perry authorize you to allow Mrs. Miller credit for those items that she is now claiming, and that you put in there?"
His answer was: "Not expressly, in so many words."
The Court instructed the jury: "You will inquire whether or not there was a settlement between these parties. To do that you have first to inquire: Did Mr. White have authority to make that settlement? Did this lady authorize him to do it? Then, if you reach the conclusion that Mr. White did have full authority and did enter into this settlement that is here in writing, I charge you that in form it is all right; if you find that Mr. White was fully authorized by this good lady to settle for her, then she is bound by it; but he has to be specifically authorized; he has to have the authority to do so before he can bind her."
If Mr. White's authority was as extended as he thought and testified, plaintiff was bound by the settlement made by him, even if she did not specifically authorize the allowance of the items of counterclaim set up by defendant, especially as she knew of them, mentioned them to Mr. White, and then authorized him to effect a settlement, saying that she was not willing to bring suit under any conditions. Therefore the Court correctly instructed the jury that, if Mr. White had authority to make the settlement, plaintiff was bound by it.
But, under the circumstances, and particularly in view of the testimony of Mr. White, brought out on cross-examination, that plaintiff did not expressly, in so many words, authorize him to allow Mrs. Miller credit for the particular items that she claimed, which he did allow in the settlement, *Page 320 
the Court erred in going further and telling the jury that he had to be specifically authorized. That was misleading and prejudicial; for, no doubt, the jury construed it to mean that plaintiff was not bound by the allowance of those items, unless she had specifically authorized Mr. White to allow them.
There is a wide difference between general and specific authority. It makes the difference between the powers of a general and a special agent.
"A general agent is one who is authorized to do all acts connected with a particular trade, business or employment. A special agent is one who is authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done." 1 A. E. Enc. L. (2d ed.) 985.
In a note on same page it is said: "The authority of an agent, being limited to a particular business, does not make it special. It may be as general in regard to that business as though its range were unlimited."
For the error pointed out, the judgment is reversed, and the case is remanded for a new trial.
Reversed.
MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE concur in the opinion of the Court.